RICHARD TURNER v. NICHOLSON PROPERTIES, INC.

No. 8510SC790

(Filed 1 April 1986)

**1. Arbitration and Award § 9— alleged partiality of arbitrator—evidence insufficient**

The superior court did not err by denying respondent's motion for an order permitting it to depose the arbitrator because the arbitrator had appeared as an expert witness for clients of the opposing counsel's former law firm where respondent argued that the prior association and the award itself indicated partiality by the arbitrator and that he exceeded his powers in that the claimant was awarded an amount which, when coupled with prior payments, exceeded claimant's contractor licensing limits. Respondent did not demonstrate that any evidence of prior payments was presented at the arbitration hearing, and the American Arbitration Association determined that the arbitrator's prior association with counsel was neither current, continuing, direct, nor substantial. Respondent had ample opportunity to explore the nature of the arbitrator's association with counsel but did not present any evidence indicating that the Arbitration Association erred.

**2. Arbitration and Award § 9— attack on award—error of law—confirmation of award proper**

The superior court did not err by confirming an arbitration award where respondent did not carry its burden of proving that the arbitrator was partial or exceeded his powers; an arbitrator does not exceed his powers merely by rendering an award based on errors of law. N.C.G.S. 1-567.12.

APPEAL by respondent from *Bailey, Judge.* Order and judgment entered 15 April 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 7 January 1986.

By two contracts dated 4 January 1984 claimant agreed to construct for respondent two townhouse units. The contracts provided that "[a]ll claims, disputes and other matters in question between [the parties] arising out of, or relating to [the performance of said contracts] shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association . . . ." During performance of the contracts, certain claims and disputes arose between the parties, and claimant filed a "Demand for Arbitration" with the American Arbitration Association (hereafter the Association).

In accordance with Construction Industry Arbitration Rules the parties selected a mutually agreeable arbitrator and the Asso-

ciation confirmed their selection. At that time claimant had not retained an attorney to represent him in the arbitration proceedings. Three days prior to the arbitration hearing claimant hired John E. Bugg to represent him. Claimant notified respondent's counsel and the Association of his decision. Upon being notified of Bugg's appearance in the matter, the arbitrator notified the Association that he had appeared as an expert witness on behalf of clients of Bugg's former law firm. The Association advised the arbitrator to disclose his prior business association with Bugg to the parties at the hearing and to contact the Association should either party object to his qualification to serve as arbitrator.

Prior to commencement of the hearing, the arbitrator made such a disclosure; and while the arbitrator expressed his opinion that his prior association with claimant's counsel would not impair his ability to render a fair and impartial decision based on the evidence, respondent objected to the arbitrator's continued service. The arbitrator immediately consulted with the Association. Under Association rules, a person who is associated with a party is nonetheless qualified to serve as an impartial arbitrator when the association is neither current, continuing, direct nor substantial. The Association assessed the arbitrator's association with the claimant's counsel accordingly and determined that he was qualified to serve impartially. Over respondent's objection the hearing proceeded.

The arbitrator found in favor of claimant and awarded him $22,221.00 in damages. The Association thereafter confirmed its determination that the arbitrator was qualified to serve impartially.

Claimant applied for confirmation of the award pursuant to N.C. Gen. Stat. 1-567.12. Respondent filed an application and motion to vacate the award pursuant to N.C. Gen. Stat. 1-567.13(a)(2) and (3). The superior court confirmed the award and denied respondent's application and motion to vacate it.

Respondent appeals.

*John E. Bugg, P.A., by John E. Bugg, for claimant-appellee.*

*Kimzey, Smith, McMillan & Roten, by James M. Kimzey, for respondent-appellant.*

WHICHARD, Judge.

[1] Respondent contends the court erred in denying its motion for an order permitting it to depose the arbitrator. A party to an arbitration may depose the arbitrator relative to alleged misconduct only when "an objective basis exists for a reasonable belief that misconduct has occurred . . . ." *Fashion Exhibitors v. Gunter*, 291 N.C. 208, 219, 230 S.E. 2d 380, 388 (1976). Respondent maintains that the arbitrator's prior association with claimant's counsel, together with what it contends is an award in "flagrant disregard for the law," establishes an objective basis for believing there was evident partiality by the arbitrator. N.C. Gen. Stat. 1-567.13(a)(2). It also maintains that the award itself constitutes an objective basis for believing that the arbitrator exceeded his powers. N.C. Gen. Stat. 1-567.13(a)(3). We disagree.

Respondent objects to the award on the grounds that, when coupled with previous payments made to claimant by respondent, it constitutes payment to claimant in excess of claimant's licensing limits for a single project, in contravention of North Carolina licensing law. N.C. Gen. Stat. Ch. 87, Art. 1; *see Sample v. Morgan*, 311 N.C. 717, 319 S.E. 2d 607 (1984). In *Sample* the Supreme Court held that an underlicensed general contractor seeking contract damages may recover up to the limits of its license, but not beyond. Here, claimant and respondent entered into two contracts under which respondent was to pay claimant a total of $187,747. Claimant held a contractor's license limited to $175,000.00 on any single project. At the arbitration hearing claimant testified that the project was split into two contracts in order to stay within his $175,000.00 license.

Assuming, *arguendo*, that an award in contravention of established law could constitute an objective basis for a reasonable belief that an arbitrator acted with bias or exceeded his powers, respondent nevertheless cannot prevail. It has not shown the award to be in violation of North Carolina licensing law. It argues bare allegations and has failed to demonstrate that any evidence regarding the amount claimant received prior to the arbitration award was presented at the arbitration hearing. Without such evidence we cannot say that the award, when combined with previous payments to claimant, exceeded the amount claimant could receive under *Sample, supra*.

Further, the fact that the arbitrator had appeared as an expert witness for clients of opposing counsel's former law firm is alone insufficient to establish an objective basis for believing the arbitrator was biased. In accordance with its rules the Association determined that the arbitrator's prior association with claimant's counsel was neither current, continuing, direct nor substantial, and concluded that the arbitrator was qualified to serve impartially. Respondent had agreed to an arbitration in accordance with Association rules. Further, the factors examined by the Association are highly relevant to the question of whether a person associated with one of the parties could serve as an unbiased and impartial arbitrator. Respondent had ample opportunity at the arbitration hearing to explore the nature of the arbitrator's association with claimant's counsel. He has not, however, put forth any evidence which would indicate that the Association erred in ascertaining the nature of that association.

To allow inquiry into an arbitration award based solely on the disclosed fact that the arbitrator was indirectly and remotely associated with a party's counsel would severely frustrate the goals of parties seeking arbitration. *See generally*, Annot., 56 A.L.R. 3d 697, Sec. 6[a]. "A foundation of the arbitration process is that by mutual consent the parties have entered into an abbreviated adjudicative procedure, and to allow 'fishing expeditions' to search for ways to invalidate the award would tend to negate this policy." *Gunter*, 291 N.C. at 217, 230 S.E. 2d at 387. As stated by the court below, "[w]hile it might have been preferable had the Arbitrator not been the least bit acquainted with the parties or their counsel, the realities of today's business world as well as the [Association] rules of procedure clearly preclude the notion that this can or must be the case in every instance."

[2] Respondent also contends the court erred in confirming the arbitration award pursuant to N.C. Gen. Stat. 1-567.12. N.C. Gen. Stat. 1-567.12 provides that "[u]pon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award . . . ." Respondent urged the court to vacate the award under N.C. Gen. Stat. 1-567.13(a)(2) and (3). N.C. Gen. Stat. 1-567.13(a) provides:

Upon application of a party, the court shall vacate an award where:

. . .

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers; . . . .

An arbitration award is presumed valid and the burden of proving specific grounds for vacating an award rests on the party attacking it. *See Thomas v. Howard*, 51 N.C. App. 344, 353, 276 S.E. 2d 743, 745 (1981); *see generally*, Annot., 56 A.L.R. 3d 697, Sec. 5.

For reasons stated above, respondent has failed to carry his burden of proving that the arbitrator was partial or that he exceeded his powers. In addition, the legal premise by which respondent attempts to upset the arbitration award pursuant to N.C. Gen. Stat. 1-567.13(a)(3) is faulty. In essence, respondent argues that an arbitrator who errs as a matter of law exceeds his powers and as a result the award can be vacated. Allowing such relief is inconsistent with the general rule that "errors of law or fact, or an erroneous decision of matters submitted to [arbitration], are insufficient to invalidate an award fairly and honestly made." *Fashion Exhibitors v. Gunter*, 41 N.C. App. 407, 411, 255 S.E. 2d 414, 417-18 (1979). "If an arbitrator makes a mistake, either as to law or fact . . ., it is the misfortune of the party . . . . There is no right of appeal and the court has no power to revise the decisions of 'judges who are of the parties own choosing.'" *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 236, 321 S.E. 2d 872, 880 (1984), *quoting Fashion Exhibitors*, 41 N.C. App. at 415, 255 S.E. 2d at 420; *see also Gunter*, 291 N.C. at 218, 230 S.E. 2d at 387; *In re Cohoon*, 60 N.C. App. 226, 232, 298 S.E. 2d 729, 732-33, *disc. rev. denied*, 307 N.C. 697, 301 S.E. 2d 388 (1983). In addition, N.C. Gen. Stat. 1-567.13(a)(5) provides, "the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award."

If an arbitrator exceeded his powers merely by rendering an award based on errors of law, the general rule that such errors

are insufficient to invalidate an award would be easily circumvented. *See Fashion Exhibitors*, 41 N.C. App. at 414, 255 S.E. 2d at 419 (refusing to review plaintiff's contention that the arbitrator's decision was not supported by the evidence); *Trident Technical College v. Lucas & Stubbs, Ltd.*, 286 S.C. 98, 106, 333 S.E. 2d 781, 786 (1985), *cert. denied, George A. Creed & Son, Inc. v. Trident Technical College*, --- U.S. ---, 106 S.Ct. 803, 88 L.Ed. 2d 779 (1986) (interpreting a similar provision of the Federal Arbitration Act to require that an arbitrator resolve only those issues within the scope of the arbitration agreement; it did not require the court to review the merits of the arbitration decision). *But cf. Cotton Mills, Inc. v. Textile Workers Union*, 238 N.C. 719, 722, 79 S.E. 2d 181, 183 (1953) (decided under former law). N.C. Gen. Stat. 1-567.13(a)(3) would then open a "door for coming into court in almost every case; for in nine cases out of ten some mistake either of law or fact may be suggested by the dissatisfied party. Thus . . . arbitration instead of ending would tend to increase litigation." *Cyclone Roofing*, 312 N.C. at 236, 321 S.E. 2d at 880, *quoting Fashion Exhibitors*, 41 N.C. App. at 415, 255 S.E. 2d at 420.

For the reasons stated, we affirm the order and judgment confirming the award pursuant to N.C. Gen. Stat. 1-567.12.

Affirmed.

Judges BECTON and PARKER concur.