WILLIAM IRVIN ENZOR, SR., Plaintiff v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Defendant

No. COA95-568

(Filed 6 August 1996)

**Insurance § 815 (NCI4th)— value of crop lost to fire—computation of actual cash value proper—failure of court to instruct appraisers proper—report inadequately signed**

In a dispute between plaintiff sweet potato farmer whose crop was destroyed by fire and defendant insurance company over the actual cash value of the sweet potatoes, the trial court was not required to instruct the umpire and appraisers on the proper method for determining the actual cash value of the crop. However, the trial court erred by incorporating the umpire's report into its judgment where the appraisal report was invalid because it was signed only by the umpire and the policy appraisal procedure required a written award of any two of the appraisers and umpire.

**Am Jur 2d, Insurance §§ 1680 et seq.**

**Remedies of insured other than direct action on policy where fire and other property insurer refuses to comply with policy provisions for appointment of appraisers to determine amount of loss. 44 ALR2d 850.**

**Time within which demand for appraisal of property loss must be made, under insurance policy providing for such appraisal. 14 ALR3d 674.**

**Insurance: Necessity and sufficiency of notice of and hearing in proceedings before appraisers and arbitrators appointed to determine amount of loss. 25 ALR3d 680.**

Appeal by defendant from orders entered 2 November 1994 and 7 December 1994 by Judge William C. Gore, Jr. in Columbus County Superior Court. Heard in the Court of Appeals 23 February 1996.

*McGougan, Wright, Worley & Harper, by Dennis T. Worley, for plaintiff-appellee.*

*Anderson, Cox & Ennis, by J. Thomas Cox, Jr., for defendant-appellant.*

LEWIS, Judge.

This appeal arises from a dispute between plaintiff, a sweet potato farmer, and defendant North Carolina Farm Bureau Mutual Insurance Company, plaintiff's insurer, over the actual cash value of his sweet potatoes.

Plaintiff's potatoes were destroyed by fire on 8 February 1991 in Columbus County, N.C. The produce was insured in a policy issued by defendant. The policy contained standard fire insurance policy provisions required by N.C. Gen. Stat. section 58-44-15 (1994). After attempts by the parties to settle failed, plaintiff filed suit on 10 January 1992 and defendant answered.

In September 1993, Judge Orlando F. Hudson ordered that the actual cash value of plaintiff's 1990-1991 sweet potato crop be determined by the appraisal method as set out in the policy. Pursuant to this order, the parties each chose an expert appraiser but were unable to agree on a disinterested umpire as set forth in the policy. By order entered 19 January 1994, Judge William C. Gore, Jr. appointed an umpire, attorney Lewis Sauls, to join the two disinterested appraisers in determining the actual cash value of plaintiff's crop in accordance with the policy provisions. On 30 August 1994, Umpire Lewis Sauls filed a report. By order entered 2 November 1994, Judge Gore adopted this report and awarded plaintiff $114,777.88 plus interest. On 16 November 1994, defendant made motions for a new trial and for amended and additional findings of fact. By order entered 7 December 1994, the trial court denied these motions. Defendant appeals.

We first address a preliminary matter. In his brief, plaintiff asks this Court to award him the costs of this appeal and asserts that the appeal is in violation of N.C.R. Civ. P. 11. Since plaintiff has not made this request in a motion pursuant to N.C.R. App. P. 37, we decline to consider his request. See Morris v. Morris, 92 N.C. App. 359, 361, 374 S.E.2d 441, 442 (1988).

Defendant asserts that the trial court erred by incorporating an invalid umpire's report into its judgment. Defendant first contends that the umpire's report is invalid because it fails to follow the insurance policy provision governing the computation of actual cash value recoverable. We disagree.

If the contractual appraisal provisions are followed, an appraisal award is presumed valid and is binding absent evidence of fraud,

duress, or other impeaching circumstances. *McMillan v. State Farm Fire and Casualty Co.*, 93 N.C. App. 748, 751-52, 379 S.E.2d 88, 90 (citing *Young v. New York Underwriters Ins. Co.*, 207 N.C. 188, 192, 176 S.E. 271, 273 (1934)), *disc. review denied*, 325 N.C. 272, 384 S.E.2d 516 (1989). Defendant has not presented evidence of fraud, duress, or other impeaching circumstances. Thus, if the appraisal policy procedure was followed, the report is valid.

Defendant next contends that the trial court erred by failing to instruct the umpire and appraisers on the proper method for determining actual cash value. We disagree. As mandated by G.S. section 58-44-15, the policy provides:

> Appraisal  In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss . . . .

The policy appraisal procedure does not require the trial court to give instructions to the umpire and appraisers. This policy appraisal procedure is analogous to an arbitration proceeding. In arbitration, " 'errors of law or fact . . . are insufficient to invalidate an award fairly and honestly made.' " *Turner v. Nicholson Properties, Inc.*, 80 N.C. App. 208, 212, 341 S.E.2d 42, 45 (1986) (quoting *Fashion Exhibitors v. Gunter*, 41 N.C. App. 407, 411, 255 S.E.2d 414, 417-18 (1979)), *disc. review denied*, 317 N.C. 714, 347 S.E.2d 457 (1986). We conclude that the trial court did not err by failing to instruct the appraisers and umpire in the manner sought by defendant.

Defendant also assigns error to the trial court's denial of its motion for additional findings of fact. After review, we conclude that the trial court's findings were adequate. This assignment of error is overruled.

Defendant further contends that the appraisal procedure was not followed as the report was signed only by the umpire. We agree. The policy appraisal procedure clearly requires an "award in writing . . . of any two" of the appraisers and umpire. Since the umpire's signature alone fails to demonstrate that at least one other appraiser concurred in the award, the appraisal award does not comply with the policy appraisal procedure and is thereby invalid. The trial court erred by incorporating this report, without the necessary signatures, into its 2 November 1994 order.

The dispute was initially submitted to an umpire and appraisers for resolution pursuant to the policy appraisal procedure. On remand, the court should resubmit the umpire's award to the umpire and appraisers for the necessary signatures. Once a valid appraisal report is prepared, the trial court should then enter judgment accordingly. If the necessary signatures cannot be obtained, the matter shall be submitted to the court for resolution by trial or otherwise.

Reversed and remanded.

Judges GREENE and SMITH concur.