IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

**D & E CONSTRUCTION COMPANY,
INC.,**

       Plaintiff-Appellant,

Shelby Chancery No. 98-0313-I
and No. 98-0322-I
Vs.                                                                         C.A. No. 02A01-9812-CH-00358

**ROBERT J. DENLEY, CO., INC.,**

       Defendnat-Appellee.

_____

FROM THE SHELBY COUNTY SHELBY COURT
THE HONORABLE WALTER L. EVANS, CHANCELLOR

Julie C. Bartholomew of Somerville
For Appellee

Ted M. Hayden; Less, Getz & Lipman of Memphis
For Appellant

*REVERSED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

CONCUR:

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

     This is an action to enforce an arbitration award. Plaintiff/appellant, D & E Construction

Company (D&E), appeals the order of the Chancery Court vacating an arbitration award

rendered against defendant/appellee, Robert J. Denley Company (Denley).

FILED

September 3, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

In 1995, D&E and Denley entered into a contract whereby D&E was to provide all needed materials, labor, and services to develop the Cottonwood Estates Subdivision in Collierville, Tennessee. The construction agreement included an arbitration clause stating:

> **10.8** All claims or disputes between the Contractor and the Owner arising out or relating to the Contract, or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise and subject to an initial presentation of the claim or dispute to the Architect as required under Paragraph 10.5. Notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof. . . . The agreement herein among the parties to the Agreement and any other written agreement to arbitrate referred to herein shall be specifically enforceable under applicable law in any court having jurisdiction thereof.

Following an alleged breach of the construction contract, D&E submitted a claim for arbitration requesting $69,760.69 in damages, which did not originally include a claim for attorneys' fees. Denley filed a response and a counter-claim in the amount of $250,000.00. In December 1997, a three person arbitration panel heard arguments on D&E's claim and Denley's counterclaim.[1] The arbitration panel issued a written Award of the Arbitrators which found in favor of D&E and stated in pertinent part:

> WE, THE UNDERSIGNED ARBITRATORS . . . AWARD as follows:
>
> On the claim for retainage, Robert J. Denley Company, Inc. shall pay to D & E Construction, Inc. the sum of Sixty-Four Thousand Seven Hundred Fifty-Six Dollars and Nine Cents ($64,756.09) on or before February 10, 1998, per the attached financial breakdown.
>
> On the claim for interest, Robert J. Denley Company, Inc. shall pay to D & E Construction, Inc. the sum of Seven Thousand Five Hundred Seventy-Six Dollars and Forty-Six Cents ($7,576.46) on or before February 10, 1998.
>
> On the claim for attorney's fees, Robert J. Denley Company, Inc. shall pay to D & E Construction, Inc. the sum of Thirteen Thousand Dollars and No Cents ($13,000.00) on or before February 10, 1998.
>
> The counterclaim is hereby denied in its entirety. . . .

---

[1] A transcript of the arbitration hearing is not in the record in this case.

D&E filed a petition to confirm the arbitration award pursuant to T.C.A. § 29-5-312 (Supp. 1998).[2] Denley filed a petition to vacate the arbitration award pursuant to T.C.A. § 29-5-313 (Supp. 1998)[3] or to modify or correct the award pursuant to T.C.A. § 29-5-314 (Supp. 1998).[4] Denley's petition states in pertinent part:

> 3. Movant avers that the award should be vacated by this Court on the following grounds:
>
> (a) The award was procured by undue means.
>
> (b) There was evident partiality by one or more arbitrators and/or misconduct prejudicing the rights of Movant.
>
> (c) The arbitrators exceeded their powers.
>
> (d) The arbitrators refused to hear evidence material to the controversy or otherwise conducted the hearing contrary to the provisions of T.C.A. § 29-5-606, so as to prejudice substantially the rights of Movant.
>
> 4. In the alternative, Movant avers that the arbitration award should be modified by this Court, on the following grounds:
>
> (a) There was an evident miscalculation of figures.
>
> (b) The arbitrators have awarded upon matters not properly submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted.

[2] **29-5-312**. **Confirmation of award**. - Upon application of a party, the court shall confirm an award, unless, within the time limits hereinafter imposed, grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in §§ 29-5-313 and 29-5-314.

[3] **29-5-313. Vacation of award.** - (a) Upon application of a party, the court shall vacate an award where:
(1) The award was procured by corruption, fraud or other undue means;
(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
(3) The arbitrators exceeded their powers;
(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 29-5-306, as to prejudice substantially the rights of a party; or . . . .

[4] **29-5-314. Grounds and procedure for modification of award. -** (a) Upon application made within ninety (90) days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:
(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
(3) The award is imperfect in any matter of form, not affecting the merits of the controversy.

3

(c) The award is imperfect in a matter of form, not affecting the
merits of the controversy.

The cases were consolidated, and D&E's subsequent motion for summary judgment was denied. An evidentiary hearing was held on November 23, 1998. The hearing consisted of the argument of counsel and three exhibits admitted by stipulation, which were the parties' contract, the demand for arbitration filed by D&E, and the award of the arbitrators.

On December 3, 1998, the chancellor entered an order vacating the entire arbitration award pursuant to T.C.A. § 29-5-313(a)(3) on the basis that the arbitrators had exceeded their powers in awarding D&E attorneys' fees. The chancellor's order states in pertinent part:

> THIS CAUSE came on to be heard on November 23, 1998, by the Honorable Walter L. Evans, Chancellor of Part I of the Chancery Court of Shelby County, Tennessee, upon the petition of D & E Construction Company, Inc. for enforcement of an arbitration award and the petition of Robert J. Denley Co., Inc. to vacate or modify the arbitration award and the answers thereto, filed in the above consolidated causes; upon the exhibits received in the cause; upon statements of counsel for the parties; and upon the entire record herein.
>
> From all of which it appears to the Court that the arbitrators' award of attorneys' fees exceeded their powers, that the attorneys' fees were integral to the award, and that the arbitration should, therefore, be vacated.

D&E has appealed and presents the following issues for review as stated in its brief:

> I. Whether the Chancellor below erred in vacating the award of the arbitration panel on the basis that it had exceeded its authority by awarding D&E Construction attorneys' fees?
>
> II. Whether the Chancellor below erred in vacating the entire award of the arbitration panel, rather than merely the award of attorneys' fees, on the basis that the panel had exceeded its authority by awarding D&E Construction attorneys' fees?
>
> III. Whether D&E Construction is entitled to confirmation of the award of the arbitration panel, along with an award of interest and attorneys' fees?

Denley presents the additional issue that if this Court finds the trial court's order vacating the award to be error, whether the case should be remanded for the trial court to consider Denley's other challenges to the award which were not considered by the court.

Trial courts play a limited role in reviewing the decision of an arbitrator. *Arnold v. Morgan Keegan & Co., Inc.*, 914 S.W.2d 445, 448 (Tenn. 1996). The *Arnold* court stated:

> "[W]here the party has agreed to arbitrate, he or she, in effect has relinquished much of [the right to a court's decision on the merits]. The party still can ask a court to review the arbitrator's decision, *but the court will set that*

4

*decision aside only in very unusual circumstances*."

*Id.* (quoting *United Paperworks Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987)(emphasis in original)).

Under *Arnold*, this Court is required to utilize a "deferential" standard of review. We are not "permitted to consider the merits of an arbitration award even if the parties allege that the award rests on errors of fact or misrepresentation of the contract." *Arnold*, 914 S.W.2d at 450. Furthermore, we are required to accept the facts presented unless we find that those facts are clearly erroneous, and should review legal matters "in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." *Id.*

Under the Uniform Arbitration Act, an arbitrator's award may be vacated if the arbitrator exceeds his or her authority and an application to vacate is made within ninety days after delivery of a copy of the award to the applicant. T.C.A. § 29-5-313 (Supp. 1998). The scope of an arbitrator's authority "is determined by the terms of the agreement between the parties which includes the agreement of the parties to arbitrate the dispute." *International Talent Group, Inc. v. Copyright Mgmt. Co.*, 769 S.W.2d 217, 218 (Tenn. App. 1988). The fact that the relief granted by the arbitrator may not have been granted by a court is not a ground for vacating or refusing to confirm an award. T.C.A. § 29-5-313(a)(5)(Supp. 1998). Significantly, under *Arnold*, an "arbitration award is not subject to vacation for a mere mistake of fact or law." *Id.*; 914 S.W.2d at 451 (citing *McLeroy v. Waller*, 731 S.W.2d 789, 791 (Ark. Ct. App. 1987)); *Seither & Cherry Co. v. Illinois Bank Bldg. Corp.*, 419 N.E.2d 940, 945 (Ill. App. Ct. 1981); *Western Waterproofing Co. v. Lindenwood Colleges*, 662 S.W.2d 288, 291 (Mo. Ct. App. 1983); *Turner v. Nicholson Properties, Inc.*, 341 S.E.2d 42, 45 (N.C. Ct. App. 1986)).

The *Arnold* court also stressed the need for finality in arbitration proceedings, despite the harsh results that may at times follow:

> "If an arbitrator makes a mistake, either as to law or fact, it is a misfortune of the party, and there is no help for it. There is no right of appeal and the Court has no power to revise the decisions of 'judges who are of the parties' own choosing.' An [arbitration] award is intended to settle the matter in controversy, and thus save the expense of litigation. If a mistake be a sufficient ground for setting aside an award, it opens a door for coming into court in almost every case; for in nine cases out of ten some mistake either of law or fact, may be suggested by the dissatisfied party. Thus ... arbitration, instead of ending would tend to increase litigation."

*Id.* (quoting *Carolina Virginia Fashion Exhibitors, Inc. v. Gunther*, 255 S.E.2d 414, 420 (N.C. Ct. App. 1979)).

D&E first contends that the trial court erred in vacating the arbitration award on the basis that it had exceeded

its authority by awarding attorneys' fees. D&E argues that the "American Rule" requiring each litigant to pay its own attorneys' fees absent a statutory or contractual obligation does not necessarily apply to arbitration panels. We must disagree. It is well settled in this jurisdiction that attorney fees cannot be awarded in contract disputes unless the contract or applicable statutory or decisional law so provides. *Guess v. Maury,* 726 S.W.2d 906 (Tenn. App. 1986).

The question then becomes whether the panel's award of attorney fees exceeds their power requiring vacation of the award. Our Supreme Court has answered this question in *Arnold.* The Court said:

> Arbitrators "exceed their powers" when they go beyond the scope of authority granted by the arbitration agreement. *International Talent Group*, 769 S.W.2d at 218. Arnold asserts that the panel exceeded its powers because "the arbitration agreement requires the arbitrators to apply the law of the State of Tennessee, and the arbitration decision is completely irrational and totally contrary to the undisputed and agreed evidence and the law acknowledged to be applicable."

> The trial court concluded that Arnold's position was simply that the panel had made a mistake of law or fact when it found that there was no reliance on a material misrepresentation. We cannot say this conclusion was erroneous. Since the trial court is not empowered to retry the issues before the arbitrator, it was proper for the court to accept the panel's findings unless clearly erroneous. Nothing about the award suggests that the panel failed to apply Tennessee law, as required by the agreement. Thus, the panel did not go outside the arbitration agreement; hence, it did not exceed its powers.

> We further note that Tenn. Code Ann. § 29-5-313(a) specifically provides that "[t]he fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award." Tenn. Code Ann. § 29-5-313(a)(5). Thus an arbitration award is not subject to vacation for a mere mistake of fact or law. *See McLeroy v. Waller*, 731 S.W.2d 789, 791 (Ark. Ct. App. 1987); *Seither & Cherry Co. v. Illinois Bank Bldg. Corp.*, 95 Ill. App. 3d 191, 50 Ill. Dec. 672, 677, 419 N.E.2d 940, 945 (1981); *Western Waterproffing Co. v. Lindenwood Colleges*, 662 S.W.2d 288, 291 (Mo. Ct. App. 1983); *Turner v. Nicholson Properties, Inc.*, 80 N.C. App. 208, 341 S.E.2d 42, 45 (1986). *Turner* is particularly instructive here:

>> In essence respondent argues that an arbitrator who errs as a matter of law exceeds his powers and as a result the award can be vacated. Allowing such relief is inconsistent with the general rule that "errors of law or fact, or an erroneous decision of matters submitted to [arbitration], are insufficient to invalidate an award fairly and honestly made."

> 341 S.E.2d at 45 (citation omitted).

> Arnold urges us to find that the panel did not make a "mere mistake of fact or law," but made a decision so far outside of the law that it should be considered irrational and, hence, subject to vacation. We decline to do so.

*Id.* at 450-51.

A trial court under this factual scenario could be held in error for awarding attorneys' fees. By the same token, the arbitration panel can be found to have made an error of law, but we deem this "insufficient to invalidate an award

6

fairly and honestly made." *Arnold*, at 451. This brings us to the appellee's issue of whether the case should be remanded for a hearing on the additional grounds asserted in the trial court for vacation of the award.

The record reflects that the parties by stipulation entered the three exhibits previously referred to. There was no evidence presented by either party other than the exhibits. The record also reflects that Denley's counsel in colloquy with the court indicated that evidentiary proof would be forthcoming on the part of Denley. The Court only considered the issue concerning the award of attorney fees. Although Denley's counsel did not attempt to put on any evidence and apparently was not precluded by the court from doing so, it does appear that the hearing before the court was confined to the issue of the award of attorney fees and not the other issues raised by Denley's petition to vacate the award. It appears that the trial court's ruling from the bench indicated to counsel that the hearing was ended. In fairness, Denley should have its day in court.

Accordingly, the judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings to consider the other issues raised by Denley's petition to vacate the award. Costs of the appeal are assessed one-half to the appellant and one-half to the appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**

7