NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY v.
FLOYD WAYNE HARRELL

No. COA01-152

(Filed 28 December 2001)

**Insurance— damaged farm equipment—umpire's decision— award of policy limits and equipment**

> An appraisal umpire's award to the insured of both the policy limits and flood damaged farm machinery did not exceed the umpire's powers where the machines are specialty machines, the umpire was unable to determine a cash value, and repair estimates exceeded the policy limits. The contractual appraisal provisions were properly followed, the umpire's reasoning was logical, and plaintiff was unable to show a violation of N.C.G.S. § 1-567.13.

Appeal by plaintiff from judgment entered 26 September 2000 by Judge Ronald L. Stephens in Wake County Superior Court. Heard in the Court of Appeals 28 November 2001.

*Baker, Jenkins & Jones, by Roger A. Askew, Kevin N. Lewis and Ronald G. Baker for plaintiff-appellant.*

*Bridgers, Horton, Rountree & Boyette, by Charles S. Rountree for defendant-appellee.*

THOMAS, Judge.

Plaintiff, North Carolina Farm Bureau Mutual Insurance Company, appeals from an order denying its motion to vacate an umpire's award and granting defendant's motion for summary

judgment. The dispute concerns the valuation of farm equipment and an award by an umpire appointed in accordance with an insurance policy.

Plaintiff sets forth one assignment of error. For the reasons discussed herein, we affirm the trial court.

The facts are as follows: Defendant, Floyd Wayne Harrell, operates a farm in Edgecombe County, North Carolina. In September 1999, floods from Hurricanes Dennis and Floyd severely damaged much of his farming equipment, including a 1997 Amadas eight-row peanut combine and a 1997 Amadas eight-row peanut header. Both machines were insured by plaintiff, with limits of $148,500 and $16,500, respectively.

Defendant filed a claim and, on 8 November 1999, plaintiff informed defendant that its appraisal estimate to repair the combine was $15,021.41. Defendant disputed the estimate and, as provided in the insurance policy, requested an appraisal in writing. Each party selected an appraiser and they all concurred in the selection of Donald Beacham (Beacham) to serve as umpire. The two appraisers met with Beacham and presented evidence on 22 May 2000. Based on the evidence, the umpire found that repairs would exceed the policy limits and awarded defendant $148,500 for the combine and $16,500 for the header and stated defendant could keep the damaged machinery.

Plaintiff followed with a complaint and motion to vacate the umpire's award, alleging the award was in violation of the insurance policy and that the umpire acted outside the scope of his authority, in violation of N.C. Gen. Stat. § 1-567.13. Plaintiff then filed motions for judgment on the pleadings and summary judgment. The trial court, on 26 September 2000, denied the motions and granted summary judgment in favor of defendant. Plaintiff appeals the order.

By plaintiff's sole assignment of error, it argues the trial court erred by denying plaintiff's motions and by granting summary judgment for defendant. We disagree.

A motion for judgment on the pleadings is proper only when all material allegations of fact are admitted and only questions of law remain. *Garrett v. Winfree*, 120 N.C. App. 689, 463 S.E.2d 411 (1995). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any ma-

terial fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2000). An umpire's arbitration is governed by N.C. Gen. Stat. § 1-567.13, which provides that a "court shall vacate an award where . . . [t]he arbitrators exceeded their powers." N.C. Gen. Stat. § 1-567.13(a)(3) (1999).

Plaintiff contends the umpire exceeded his powers by awarding defendant both the replacement cost and the damaged machinery. An arbitrator exceeds his powers when he arbitrates additional claims and matters not properly before him. *Id.* Here, we are concerned with an insurance policy claim for property damage that was properly before the arbitrator. We note plaintiff is not contesting the value of loss assigned by the umpire. Plaintiff is contesting the monetary award to defendant in addition to the machinery.

The policy provides, in pertinent part:

**Our Options—We may:**

1. pay the loss in money; or

2. repair, replace or rebuild the property. We must give you notice of our intent to do so within 30 days after we have received a satisfactory proof of loss.

3. take all or part of the damaged property at the agreed or appraised value. *Property paid for or replaced by us becomes ours.*

(Emphasis added).

However, this Court has held that "[i]f the contractual *appraisal provisions* are followed, an appraisal award is presumed valid and is binding absent evidence of fraud, duress, or other impeaching circumstances." *Enzor v. North Carolina Farm Bureau Mut. Ins. Co.*, 123 N.C. App. 544, 545-46, 473 S.E.2d 638, 639 (1996) (emphasis added). The contractual appraisal provision in the instant policy is:

If you and we do not agree as to the value of the property or the amount of the loss, you and we will each select a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will select an umpire. . . . The written agreement of any two of these three will be binding and set the amount of loss.

The contractual *appraisal provisions* were properly followed. The umpire acted within the scope of his authority and appropriately val-

ued the loss. Therefore, plaintiff must show fraud, duress, or other impeaching circumstances to invalidate the umpire's award.

While there is no allegation of fraud or duress, plaintiff contends there was an "impeaching circumstance" in that the umpire considered the amount of insurance coverage and awarded the salvage to defendant. We note arbitrators are not required to articulate reasons for their award. *Howell v. Wilson*, 136 N.C. App. 827, 526 S.E.2d 194, *rev. denied*, 352 N.C. 148, 544 S.E.2d 224 (2000). However, when an arbitrator chooses to explain the award in an accompanying letter, that explanatory letter becomes part of the award for purposes of appellate review. *Id.* Here, the umpire, in his final decision, stated, *inter alia*:

> After studying both estimates carefully, . . . I feel the best way to restore the machine back to the condition it ws [sic] before the flood damage and for it to have the life expectancy it had before the flood damage was for Amadas to take the machine back to their shop and repair it per estimate . . . . These machines are specialty machines. Thre [sic] are not many in this area, there have not been any traded in this area to my knowledge and I have not seen any resold on farm sales. They are not listed in the Official Farm Equipment Guide Book, therefore an official cash value has not been established to base this machine on. Given the fact the insurance agent had sold [defendant] coverage of $148,500.00 on the machine and $16,500.00 on the header, I assume he feels the machine is worth a total of $165,000.00. That is what [defendant] has paid a premium on.

> Considering these facts I made my decision to award [defendant] $148,500.00 for the Combine and $16,500.00 for the header totaling $165,000.00. This amount will almost cover the estimated cost of repair by Amadas. The Machine remains the property of [defendant]. He can have the machine repaired or do what he wishes. If the cost of repair is grreater [sic] than the estimate or this settlement, it becomes the responsibility of [defendant].

Because plaintiff is unable to show a violation of N.C. Gen. Stat. § 1-567.13 or impeaching circumstances, we reject his argument and affirm the trial court.

The umpire's reasoning is logical, based on defendant's option to repair his farming equipment. In *Enzor*, this Court stated that the policy appraisal procedure of this same plaintiff (N.C. Farm Bureau

Mutual Insurance Company) was "analogous to an arbitration proceeding. In arbitration, 'errors of law or fact . . . are insufficient to invalidate an award fairly and honestly made." *Enzor*, 123 N.C. App. at 546, 473 S.E.2d at 639-40 (citations omitted). In *Turner v. Nicholson Properties, Inc.*, 80 N.C. App. 208, 341 S.E.2d 42, *cert. denied*, 317 N.C. 714, 347 S.E.2d 457 (1986), this Court held that an arbitrator who errs as a matter of law, exceeding his powers, is not subject to the vacating of his award because such an erroneous decision of a matter submitted to arbitration is insufficient to invalidate an award fairly and honestly made. Moreover, our Supreme Court has held that:

> "[a]n award is intended to settle the matter in controversy, and thus save the expense of litigation. If a mistake be a sufficient ground for setting aside an award, it opens the door for coming into court in almost every case; for in nine cases out of ten some mistake either of law or fact may be suggested by the dissatisfied party. Thus . . . arbitration instead of ending would tend to increase litigation."

*Cyclone Roofing Co., Inc. v. LaFave Co.*, 312 N.C. 224, 236, 321 S.E.2d 872, 880 (1984) (quoting *Carolina-Virginia Fashion Exhibitors, Inc. v. Gunter*, 41 N.C. App. 407, 414-15, 255 S.E.2d 414, 419-20 (1979). We hold that the instant award was fairly and honestly made and, accordingly, affirm the trial court.

AFFIRMED.

Judges WYNN and WALKER concur.