No. 9784.

THE NORWICH UNION FIRE INSURANCE SOCIETY *v.* RAYOR.

Decided July 5, 1921.   Rehearing Denied October 3, 1921.

Action on fire insurance policy.   Judgment for plaintiff.

*Affirmed.*

1.  INSURANCE—*Fire Policy—Appraisal of Loss—Action.* Under a New York standard fire insurance policy form, an appraisal of the loss is not a condition precedent to the right of maintaining an action thereon, unless there has been a demand for such appraisal.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. SYLVESTER C. WILLIAMS, for plaintiff in error.

Mr. CHARLES CLYDE BARKER, Mr. LESLIE E. HUBBARD, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE defendant in error brought suit against the plaintiff in error to recover upon an insurance policy on a stock of goods, which was destroyed or injured by fire.  He had judgment and the cause is now here on error.  The parties will be designated as in the trial court.

The policy in question was of the New York standard form.  The following paragraphs of it are involved in this review:

"Par. 1.  In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this society each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and

appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraisers respectively selected by them and shall bear equally the expenses of the appraisal and umpire."

"Par. 2.   This society shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this society, including an award by appraisers when appraisal has been required."

"Par. 3.   No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements nor unless commenced within twelve months next after the fire."

Defendant contends that an appraisal was a condition precedent to a right of action. This contention was based upon an interpretation of Paragraph 2 to the effect that an appraisal was necessary to the right of action, and if not demanded by the insured, any action upon the policy was premature.

Paragraph 1 appears in substance in the policies discussed in many reported cases, and in none of them has it been held to be a condition precedent to a right of action. To be so the language must be clear and specific to that effect. "In order to make such an award a condition precedent to the right of maintaining suit, it must be so expressed in the policy or necessarily implied from its terms." *Mutual Fire Ins. Co. v. Alvord,* 61 Fed. 752, 9 C. C. A. 623.

Even where such requirement is expressly made a condition precedent, it is held that it is not to be so consid-

ered unless compliance with it has been demanded. *Kahn-weiler v. Phenix Ins. Co.*, 67 Fed. 483, 14 C. C. A. 485; *Birmingham Fire Ins. Co. v. Pulver,* 126 Ill. 329, 18 N. E. 804, 9 Am. St. Rep. 598.

According to the great weight of authority, a provision that no action shall be maintained unless there has been an award, where one is required in case of dispute as to the loss, is inoperative unless an award has been demanded. *Phoenix Ins. Co. v. Badger,* 53 Wis. 283, 10 N. W. 504; *Randall v. Am. Fire Ins. Co.,* 10 Mont. 340, 25 Pac. 953, 24 Am. St. Rep. 50; *German Am. Ins. Co. v. Steiger,* 109 Ill. 254; *Liverpool Ins. Co. v. Creighton,* 51 Ga. 95; *Reed v. Ins. Co.,* 138 Mass. 572; *Wright v. Ins. Co.,* 110 Pa. 29, 20 Atl. 716; *Walker v. Ins. Co.,* 51 Kan. 725, 33 Pac. 597; *Kahn v. Traders' Ins. Co.,* 4 Wyo. 419, 34 Pac. 1059, 62· Am. St. Rep. 47. When the two paragraphs are considered together, it is clear that an appraisement is not a condition precedent. Paragraph 2 provides that the loss shall not be payable until "sixty days after notice, ascertainment, etc. including an award by appraisers, *when appraisal has been required.*" Neither party demanded an appraisal. The trial court held that this provision meant, "when the insurer has required an appraisal."

Plaintiff in error contends that a demand by the insured is a condition to his right of action, and cites *Graham v. Ins. Co.,* 75 Ohio St. 374, 79 N. E. 930, 15 L. R. A. (N. S.) 1055, 9 Ann. Cas. 79, where it was held, in a case involving this question, that the word "required" meant "made necessary." We cannot accept that court's construction of the contract. If "required" means "made necessary", the policy as written would mean "when an appraisal has been made necessary." Made necessary by whom, or what? If by the contract itself, then we should have, *"is* necessary" not "has been made necessary." But if it *is* necessary by the contract, then the condition is without force.

The opinion in question recognizes that difficulty, and quotes the phrase as "when appraisal is required," a change

which begs the question. The Ohio court accordingly held that an appraisal was made necessary by the terms of the policy, and that until there had been an award, or a demand made by the insured for one, there was no right of action.

Plaintiff in error relies also upon *Mosness v. Insurance Co.,* 50 Minn. 341, 52 N. W. 932; *Phœnix Ins. Co. v. Lorton,* 109 Ill. App. 63; *Murphy v. Mercantile Co.,* 61 Mo. App. 323; *Vernon Ins. Co. v. Maitlen,* 158 Ind. 393, 63 N. E. 755; and several other cases in which the phrase here under consideration was not involved. In the Minnesota case and the Indiana case, the decisions turned upon a question of pleading, and they only indirectly support the contention of plaintiff in error.

The Missouri Appeal case cites the Minnesota case; *Kahnweiler v. Insurance Co., supra,* in which it is held that the obligation to make the demand rests as much upon one party as upon the other, hence does not support the holding; and a Michigan case in which this phrase was not involved. As we shall see, Michigan is committed to the contrary view. It cites, also, *Phenix Insurance Co. v. Stocks,* 149 Ill. 319, 36 N. E. 408, in which the provision for arbitration was absolute. The Ohio case cited, overruled, by four of the six judges, a case in 60 Ohio St. holding to the contrary. The case from the Illinois Appellate court involved a policy making an arbitration an absolute condition. It follows *Phenix Ins. Co. v. Stocks, supra,* though in that case it was held that even this absolute requirement was waived by failure of the company to demand arbitration.

Before taking up the cases on this paragraph of the policy it may be well to consider it independently, and try to ascertain what it means. It reads:

"The loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

This provision is wholly in the interest, and for the benefit of the insurance company. *Phenix Ins. Co. v. Stocks, supra.* It is a wall of defense, consisting of the things named as prerequisites to liability on the part of the company. As a final condition there is added the words "including an award by appraisers, when appraisal has been required." This is clearly intended to prevent the loss becoming payable in case the insurer has demanded an appraisal without its demand having been complied with. The assured can have no interest in delaying suit until an award has been made. In the case last cited, the court points out that "no valuation of the property can increase the amount to be recovered by the assured, while the appraisement may diminish the amount to be paid by the company." It is, then, for the insurer to demand an appraisal, if it wants one. If such is not the case, why are the words "if an appraisal has been required" used? If an award is a prerequisite to suit, these words are useless.

The words cannot refer to something required by the contract; they can only apply to a case in which an appraisal has, as an act of some one, been required, i. e., requested. The ordinary meaning of required is demanded, or requested. Since there is no reason for the assured requiring an appraisal, or for a failure on the part of the assured to get an appraisal, if requested, being made a condition of suit, it is clear that it is for the insurer to demand an appraisal if desired. And so the great weight of authority holds. The cases supporting the trial court's decision and in which this phrase is construed, are: *Chainless Cycle Mfg. Co. v. Ins. Co.,* 169 N. Y. 304, 62 N. E. 392; *Lesure Lbr. Co. v. Insurance Co.,* 101 Iowa, 514, 70 N. W. 761; *Zimeriski v. Insurance Co.,* 91 Mich. 600, 52 N. W 55; *N. H. Bd. Ass'n v. Insurance Co.,* 106 Mich. 236, 64 N. W. 21; *Winchester v. Insurance Co.,* 160 Cal. 1, 116 Pac. 63, 35 L. R. A. (N. S.) 404; *Lion Fire Ins. Co. v. Heath,* 29 Tex. Civ. App. 203, 68 S. W. 305; *Firemen's Fund Ins. Co. v. Caye,* 14 Ky. Law Rep. 810; *Davis v. Assurance Co.,* 16 Wash. 232, 47 Pac. 436; *Baillie Co. v. Insurance Co.,* 49 La.

Ann. 658, 21 South. 736; *Springfield F. & M. Ins. Co. v. Hays,* 57 Okl. 266, 156 Pac. 673, L. R. A. 1917A, 1078.

In the New York case above cited the court said:

"It is not the duty of a person whose property is insured by a standard policy, such as the one before us, to initiate an appraisal, for the contract makes an appraisal a condition precedent to recovery, only when one 'has been required' by the insurer. Either party, however, has the right to require an appraisal when there is a disagreement as to the amount of loss."

In Cooley's Briefs on Insurance, p. 3616, it is said:

"It is also a general rule that a policy in the New York standard form, providing that the loss shall not become payable until a certain time after proofs, 'including an award by appraisers when appraisal has been required,' and that 'no suit * * * shall be sustainable * * * until after full compliance by the insured with all the foregoing requirements,' does not require an appraisal as a condition precedent to the right of maintaining an action unless there has been a demand therefor."

The most that can be claimed in support of the contention of plaintiff in error is that the language of the policy is ambiguous, and, that being so, the ambiguity should be resolved in favor of the assured. *German Ins. Co. v. Hayden,* 21 Colo. 127, 40 Pac. 453, 52 Am. St. Rep. 206; *Nat. M. & F. Ins. Co. v. Duncan,* 44 Colo. 472, 98 Pac. 634, 20 L. R. A. (N. S.) 340; *Conn. Co. v. Colo. Co.,* 50 Colo. 424, 116 Pac. 154, Ann. Cas. 1912C, 597; *National Bank v. Ins. Co.,* 95 U. S. 673, 24 L. Ed. 563.

It being clear, both upon principle and authority, that the judgment is right, it should be affirmed, and it is so ordered.

MR. JUSTICE DENISON dissents. MR. CHIEF JUSTICE SCOTT not participating.