No. 18,506.

CARL A. WAGNER, ET AL. *v.* THE PHOENIX
INSURANCE COMPANY.
(348 P. [2d] 150)

Decided January 4, 1960.

Mr. STANLEIGH C. CRISPELLE, for plaintiffs in error.

Mr. DUANE O. LITTELL, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to the parties as they appeared in the trial court where plaintiffs in error were plaintiffs and defendant in error was defendant.

February 8, 1951, defendant issued its policy of insurance, No. 3028, to Carl A. Wagner and Betanna C. Wagner, in the amount of $13,000.00 with coverages of fire and lightning and extended coverage, for a term of five years from February 8, 1951, to February 8, 1956, on the one-story building situated at 1243 West Alameda avenue in the City and County of Denver, Colorado.

The policy provides, inter alia, as follows:

"Appraisal. In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. * * *

"Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

The policy of insurance was in force and effect on December 25, 1954, when an outside explosion of unknown cause and origin occurred in the area of plaintiffs' property, causing substantial damage thereto.

The insured plaintiffs and the defendant company

were unable to agree on the amount of the loss, and plaintiffs, acting under paragraph first set forth above, made demand for the selection of an appraiser. The appraiser selected by plaintiffs was Foster Orr and the selection of defendant was R. P. LeBaron. These two appraisers then selected an umpire, one Robert O. Howell. The appraisers were unable to agree and the umpire agreed with LeBaron on all items on which there was a disagreement. Defendant tendered to plaintiffs a draft for the amount of damages found by the umpire, i.e. $694.86, which was not accepted by plaintiffs.

Plaintiffs on October 5, 1955, filed their complaint in the district court in and for the City and County of Denver, seeking damages in the amount of $13,000 against defendant under the provisions of the policy of insurance, and furnished to defendant upon its motion therefor a bill of particulars itemizing the damage.

Defendant's answer, in so far as we are concerned on this writ of error, admitted the issuance of the policy of insurance as alleged, and relied for defense upon the appraisal clause above set forth, and contends in its fifth defense that the liability of the insurance company is limited to the award of the appraiser and umpire in the amount of $694.86.

On trial to the court the issues were found in favor of defendant, and judgment entered as prayed for by it. Plaintiff seeks review by writ of error.

It is argued by counsel for plaintiff: (1) That the provisions of paragraph pertaining to "Appraisal" in the insurance policy constituted a condition precedent to any suit or action and that plaintiffs had fully complied therewith; (2) that the so-called award made by the umpire was not in compliance with the requirements of the policy of insurance and therefore did not in fact constitute an award at all; and (3) that plaintiffs' proper procedure was a suit upon the policy.

Defendant argues that the provisions of the paragraph relative to appraisal were not a condition precedent to

any action, but, on the contrary amounted to an option offered to plaintiffs, and plaintiffs, having chosen to exercise that option, are precluded from any suit upon the policy and are bound by the award of the umpire.

The contention of plaintiffs that the award of the umpire "was not in compliance with the requirements of the policy" is based upon an asserted failure to "appraise the loss, stating separately actual cash value and loss to each item," as required by the policy. We find no merit in this argument.

The controlling question is, whether the appraisal clause, hereinabove quoted, makes an arbitrator's award a condition precedent to the right of the insured to bring an action to recover a claimed loss. The question is answered in the negative. In the instant case plaintiffs made demand for the appointment of appraisers to determine the amount of the loss, and by so doing irrevocably exercised their option to determine that question as provided by the appraisal clause of the policy.

We think it sufficient to direct attention to the opinion of this court in *The Norwich Union Fire Insurance Society v. Rayor,* 70 Colo. 290, 201 Pac. 50, where we find the following pertinent language:

"Defendant contends that an appraisal was a condition precedent to a right of action. This contention was based upon an interpretation of Paragraph 2 to the effect that an appraisal was necessary to the right of action, and if not demanded by the insured, any action upon the policy was premature.

"Paragraph 1 [an appraisal provision comparable to that present in the instant case] appears in substance in the policies discussed in many reported cases, and in none of them has it been held to be a condition precedent to a right of action. To be so the language must be clear and specific to that effect. 'In order to make such an award a condition precedent to the right of maintaining suit, it must be so expressed in the policy

or necessarily implied from its terms.' *Mutual Fire Ins. Co. v. Alvord*, 61 Fed. 752, 9 C.C.A. 623."

Numerous authorities are cited in the opinion in the above case in support of the rule to which we are committed in this jurisdiction.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE concur.