The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
September 20, 2018

## 2018COA144

**No. 17CA1672 Andres Trucking v. United Fire — Insurance — Regulation of Insurance Companies — Unfair Competition and Deceptive Practices — Improper Denial of Claims — Remedies for Unreasonable Delay or Denial of Benefits**

In this insurance case, a division of the court of appeals concludes that participation in a contractual appraisal process does not preclude an insured's suit for breach of contract and statutory bad faith under sections 10-3-1115 and -1116, C.R.S. 2017.

After the parties participated in contractual appraisal, the district court determined that the appraisal process resolved the insured's claims for breach of contract and statutory bad faith as a matter of law and entered judgment in favor of the insurance company under C.R.C.P. 12(b)(5).

The division analyzes the appraisal provision and concludes that (1) the contractual appraisal provision was enforceable; (2) the

appraisal process resulted in a binding determination of the value of the insured property; but that (3) the appraisal process did not resolve the insurance company's liability for breach of contract or statutory bad faith; and therefore (4) the district court erred in entering judgment in favor of the insurance company under Rule 12(b)(5).

Accordingly, the division affirms the order approving the appraisal value but reverses the judgment and remands to the district court for reinstatement of the insured's complaint.

Court of Appeals No. 17CA1672
Routt County District Court No. 16CV30055
Honorable Shelley A. Hill, Judge

Andres Trucking Company,

Plaintiff-Appellant,

v.

United Fire and Casualty Company,

Defendant-Appellee.

JUDGMENT REVERSED, ORDERS AFFIRMED IN PART
AND VACATED IN PART, AND CASE REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE HARRIS
J. Jones and Ashby, JJ., concur

Announced September 20, 2018

McGill Professional Law Corporation, Scott A. McGill, Robert L. Grover,
Steamboat Springs, Colorado, for Plaintiff-Appellant

Stuart D. Morse & Associates, LLC, Stuart D. Morse, Joseph P. Kiley,
Greenwood Village, Colorado, for Defendant-Appellee

¶ 1    Plaintiff, Andres Trucking Company (Andres Trucking), appeals the judgment entered on its breach of contract and statutory bad faith claims in favor of defendant, United Fire and Casualty Company (United), after the district court determined that the completion of the appraisal process called for in the parties' policy necessarily resolved those claims.

¶ 2    Among questions we answer is whether Andres Trucking's participation in the contractual appraisal process resolved its claims against United and effectively ended the litigation.

¶ 3    We conclude that the appraisal process did not fully resolve Andres Trucking's claims.  The appraisal process determined the value of the insured property, but it did not determine United's liability for breach of contract or statutory bad faith delay under sections 10-3-1115 and -1116, C.R.S. 2017.  Accordingly, we affirm the order approving the appraisal value but reverse the judgment and remand for reinstatement of the complaint.

## I.    Background

¶ 4    Andres Trucking operates a dump truck in Steamboat Springs, Colorado.  The truck was insured by United under a policy that included the following provision:

1

> If you and we disagree on the amount of "loss," either may demand an appraisal of the "loss." In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of the "loss." If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.
>
> . . . .
>
> If we submit to an appraisal, we will still retain our right to deny the claim.

¶ 5    In June 2015, while covered by the insurance policy, the truck caught fire. Both parties agreed the truck was a total loss but disagreed about the truck's value.

¶ 6    After the parties' discussions failed to lead to an agreement, Andres Trucking filed an action against United on May 6, 2016. The complaint alleged that United unreasonably refused to pay the value of the truck and related damages, including storage fees, and asserted claims for breach of contract and bad faith denial and delay of an insurance claim under sections 10-3-1115 and -1116.

¶ 7    Two weeks later, in lieu of answering the complaint, United moved to compel appraisal and stay the proceedings; over Andres

2

Trucking's objection, the court granted the motion.[1] Before commencing the appraisal process, Andres Trucking filed an amended complaint. The amended complaint contained a third claim for relief challenging the enforceability of the contractual appraisal provision, but it was otherwise substantially similar to the initial complaint. The district court struck the amended complaint on the ground that the insurance policy required an appraisal.

¶ 8 The parties proceeded to appraisal. Andres Trucking submitted an appraisal valuing the truck at $42,500, United submitted an appraisal of $33,454, and the umpire obtained an appraisal of $54,289. The umpire ultimately settled on a value of $39,507 plus $3907 in taxes, which United paid.

¶ 9 In January 2017, after United paid Andres Trucking the appraised value of the truck, it moved for entry of judgment under C.R.C.P. 12(b)(5), contending that, as a matter of law, the completion of the appraisal process had resolved Andres Trucking's

---

[1] United says that it invoked the appraisal provision earlier and, in its reply brief, Andres Trucking appears to concede that United "unequivocally requested the appraisal process be initiated" in January 2016. The precise date on which United invoked the appraisal provision is not material to our resolution of this issue.

claims. Andres Trucking objected, contending that "several issues" required determination by a jury, including whether United had unreasonably denied or delayed paying the claim and whether United had breached the insurance contract by failing to pay all of Andres Trucking's damages.

¶ 10 While United's motion for entry of judgment was pending, Andres Trucking again moved to amend its complaint. Its proposed second amended complaint included additional allegations concerning its damages and a fourth claim for unjust enrichment.

¶ 11 Relying on the enforceability of the appraisal provision, the court again denied the motion. It reasoned that, upon completion of the appraisal process, "the issues before the court were concluded," and that "[a]ll that remains is for judgment to enter."

¶ 12 The court then entered judgment in favor of United on Andres Trucking's breach of contract and statutory bad faith claims. In its order entering judgment, the court determined that Andres Trucking's claims "were subject to the appraisal process," the "appraisal process was completed and a value determined," and "[a]ccordingly, as a matter of law [Andres Trucking] can have no claim for breach of contract, much less bad faith breach of

4

contract." Without analyzing Andres Trucking's allegations, the court found "[t]here has been no breach of the insurance contract or any unreasonable delay or denial of the claim that was caused by [United]."

## II. The District Court Erred in Dismissing Andres Trucking's Complaint

¶ 13    Andres Trucking argues that the district court erred in dismissing its complaint, as the appraisal process did not resolve whether United had breached the insurance policy or unreasonably denied or delayed payment of benefits. We agree.

### A. Standard of Review

¶ 14    The purpose of a motion under C.R.C.P. 12(b)(5) is to test the legal sufficiency of the complaint to determine whether the plaintiff has asserted a claim or claims upon which relief can be granted. *Hannon Law Firm, LLC v. Melat, Pressman & Higbie, LLP*, 293 P.3d 55, 62 (Colo. App. 2011), *aff'd*, 2012 CO 61. In evaluating a motion to dismiss under Rule 12(b)(5), we must determine whether, accepting the complaint's factual allegations as true and viewing them in the light most favorable to the plaintiff, *id.*, the complaint

states a plausible claim for relief, *Warne v. Hall*, 2016 CO 50, ¶¶ 9, 24.

¶ 15     Because it presents a question of law, we review de novo an order granting a motion to dismiss under Rule 12(b)(5). *Hannon*, 293 P.3d at 63.

## B.     Analysis

¶ 16     The district court did not reach any conclusions about the sufficiency of the complaint's allegations or the plausibility of the claims for relief. Instead, the district court determined that Andres Trucking could not state any claim for relief because completion of the appraisal process, like arbitration, precludes breach of contract and statutory bad faith claims as a matter of law.

¶ 17     An appraisal is "an act of estimating" or "a valuation of property by the estimate of an authorized person," *Unetco Indus. Exch. v. Homestead Ins. Co.*, 67 Cal. Rptr. 2d 784, 789 (Cal. Ct. App. 1997) (quoting Webster's Third New International Dictionary 105 (1986)), and determines "only the amount of loss," *Hartford Lloyd's Ins. Co. v. Teachworth*, 898 F.2d 1058, 1062 (5th Cir. 1990). By its own terms, the appraisal provision in United's policy was triggered only when the parties disagreed "on the amount of 'loss,'"

6

and the provision allowed either party to "demand an appraisal *of the 'loss.'*" (Emphasis added.)

¶ 18     The provision did not purport to be a mechanism for resolving any other disagreements between the parties. Indeed, the provision expressly reserved to United the right to contest liability, notwithstanding the parties' participation in the appraisal process. *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 129 F. Supp. 3d 1150, 1153-54 (D. Colo. 2015) (unlike arbitration, appraisal "establishes only the amount of a loss," and not other issues including liability and coverage (quoting *Minot Town & Country v. Fireman's Fund Ins. Co.*, 587 N.W.2d 189, 190 (N.D. 1998))); *Hartford*, 898 F.2d at 1062 (An appraisal does not "resolv[e] issues such as whether the insurer is liable under the policy.").

¶ 19     Thus, "an appraisal award, by itself, does not entitle either the insured or the insurer to judgment in its favor" on the insured's claims of breach of contract or statutory bad faith. *Sec. Nat'l Ins. Co. v. Waloon Inv., Inc.*, 384 S.W.3d 901, 905 (Tex. App. 2012); *see also Hometown Cmty. Ass'n v. Phila. Indem. Ins. Co.*, Civ. A. No. 17-cv-00777-RBJ, 2017 WL 6335656, at *6 (D. Colo. Dec. 12, 2017) (an appraisal is determinative of the amount of loss, but issues

outside of the scope of the appraisal must be resolved by the court or fact finder). Judgment does not follow directly from an appraisal because, unlike arbitration, the "function of an appraisal award is not to determine the merits of any claim." *Waloon Inv.*, 384 S.W.3d at 905.

¶ 20 In *American Family Mutual Insurance Co. v. Barriga*, 2018 CO 42, ¶ 2, for example, the insurance company demanded an appraisal, an appraiser fixed an award, and American Family paid the award. Thereafter, the insured sued the insurer for breach of insurance contract and statutory bad faith under section 10-3-1116(1). *Id.* at ¶ 3. The jury found in favor of the insured on both claims and awarded separate damages. *Id.* On appeal, the supreme court concluded that where "the payments . . . were unreasonably delayed but eventually paid . . . pursuant to the third-party appraisal process outlined in the insurance agreement," the insured could keep the amount paid pursuant to the appraisal process, recover any damages resulting from a breach of the insurance contract, and receive an additional "two times the covered benefit" under section 10-3-1116. *Id.* at ¶¶ 8-12 (quoting § 10-3-1116(1)). Thus, under *Barriga*, appraisal and litigation of

breach of contract and bad faith claims are not mutually exclusive. And, contrary to United's argument, partial payment of benefits is not a complete defense, as a matter of law, to a bad faith claim. *Id.* at ¶¶ 12-13.

¶ 21    In concluding that an appraisal necessarily precludes further litigation, the district court appears to have relied on its determination that "the appraisal process cannot be a violation of an insurance company's contractual or statutory duty to adjust a claim." In the same vein, United insists that Andres Trucking's complaint does not state a claim because "[i]t cannot be bad faith, as a matter of law, to insist upon the enforcement of a valid contractual provision."

¶ 22    We do not disagree with these general propositions, but they miss the point of Andres Trucking's allegations. Andres Trucking does not contend that adherence to the appraisal process itself amounts to a breach of contract or bad faith. The crux of its complaint is that United unreasonably delayed paying the claim; attempted to pressure Andres Trucking into accepting less than the full value of the insured property; refused to pay additional damages related to the loss; did not invoke the appraisal provision

until months after submission of the claim; and then, during the appraisal process, valued the claim at a lower amount than it had offered during earlier negotiations. In later filings, Andres Trucking suggested that United had also delayed paying the full appraisal amount. (This allegation was not included in either of the proposed amended complaints, however.)

¶ 23    The insurer's mere invocation of the appraisal provision, at some point during the dispute, does not immunize it from liability for a claim of bad faith. Bad faith conduct may occur "before, during, and after the appraisal process." *Hometown Cmty. Ass'n*, 2017 WL 6335656, at *6.

¶ 24    Nor are we persuaded by United's related, and unsupported, argument that "there could be no breach [of the contract] as a matter of law until the amount of the benefit was determined" through the appraisal process.

¶ 25    A breach of insurance contract may be based not merely on the insured's ultimate financial liability, but also on "the insurer's conduct in unreasonably refusing to pay a claim," "delaying payments," and "failing to act in good faith." *Goodson v. Am. Standard Ins. Co. of Wis.*, 89 P.3d 409, 414 (Colo. 2004). And,

10

consistent with our earlier conclusion, the insurer's failure to act in good faith may occur before invocation of the appraisal provision.

¶ 26    Finally, we reject United's contention that any error by the district court in dismissing the claims based on its misapprehension of the appraisal process was harmless. According to United, the claims should nevertheless have been dismissed because Andres Trucking "presented no evidence that convinced the trial court that United Fire had acted unreasonably with respect to paying the claim," and, "[a]s the trial court found, any delay in payment of the claim was due to Andres [Trucking's] refusal to participate in appraisal."

¶ 27    Andres Trucking was not required, at this stage, to "present evidence" of United's unreasonableness in handling or paying the claim. And the district court could not have properly "found" under Rule 12(b)(5) that any delay in payment was attributable to Andres Trucking. On a Rule 12(b)(5) motion to dismiss, the court had to accept Andres Trucking's allegations as true and construe those allegations in the light most favorable to it. *Hannon*, 293 P.3d at 62.

¶ 28    To the extent United asserts that the district court bypassed Rule 12(b)(5) and moved directly to summary judgment under C.R.C.P. 56, as United suggested at oral argument, we disagree.

¶ 29    First, United's "motion for entry of judgment" argued that Andres Trucking "failed to state a claim upon which relief can be granted" and requested relief under Rule 12(b)(5).

¶ 30    Second, when the court granted United's motion, United had not yet answered the complaint, the parties had not engaged in discovery, neither party had filed a motion for summary judgment, and the court did not tell the parties in advance that it would treat the motion as one for summary judgment.  Accordingly, the claims were not susceptible of resolution under Rule 56.

¶ 31    We conclude that the district court erred in determining that appraisal necessarily precluded Andres Trucking from pursuing its breach of contract and statutory bad faith claims.  We therefore reverse the judgment and remand for reinstatement of the complaint.

¶ 32    In light of our disposition, we vacate the district court's order awarding United its costs as the prevailing party.  *See Bainbridge, Inc. v. Douglas Cty. Bd. of Comm'rs*, 55 P.3d 271, 274 (Colo. App.

2002) ("[W]here a judgment has been successfully appealed, an award of costs previously entered on that judgment is no longer valid because, upon remand, that judgment no longer exists.").

### III. The Appraisal Award is a Binding Determination of the Value of the Insured Property

¶ 33     Having determined that the appraisal process does not, as a matter of law, preclude Andres Trucking from litigating its claims, we now address its various challenges to the appraisal process itself.  For the reasons explained below, we reject those challenges and conclude that the appraisal award is a binding determination of the value of the insured property, and thus Andres Trucking may not further litigate that issue.

### A. The Appraisal Provision is Enforceable

¶ 34     In its briefing, Andres Trucking asserts that the district court should not have enforced the appraisal provision because the appraisal procedure "violates the constitutional right of litigants to a speedy trial."  Andres Trucking offers no argument or relevant authority to support this assertion.[2]  Ordinarily, we decline to

---

[2] Andres Trucking cites *Huizar v. Allstate Insurance Co.*, 952 P.2d 342 (Colo. 1998), but that case involves a trial de novo provision of

address contentions that "lack any meaningful explanation." *Holley v. Huang*, 284 P.3d 81, 87 (Colo. App. 2011) (declining to address "bald assertions of error").

¶ 35    Moreover, at oral argument, Andres Trucking clarified that its objection to the appraisal provision stems from the court's interpretation of the provision as an alternative to litigation. Because we have reversed the court's judgment in this regard, that would seem to settle the matter.

¶ 36    Still, to the extent Andres Trucking contends that appraisal provisions are generally unconstitutional because they delay litigation of the insured's claims, we disagree.

¶ 37    For one thing, we are not aware of a constitutional right to resolve civil claims within a specific period. And even if there were such a right, Andres Trucking has not alleged that the deprivation of that right prejudiced its ability to litigate its claims against United — for example, that witnesses' memories have faded or documents have been misplaced.

---

a binding arbitration clause and its analysis is inapplicable to the appraisal provision at issue.

¶ 38     Furthermore, for nearly 100 years, appraisal provisions like the one in Andres Trucking's policy have been held enforceable under Colorado law. *See Norwich Union Fire Ins. Soc'y v. Rayor*, 70 Colo. 290, 201 P. 50 (1921); *see also Wagner v. Phoenix Ins. Co.*, 141 Colo. 367, 348 P.2d 150 (1960). At this point, "[m]ost, if not all, property insurance policy contracts include an appraisal clause which may be invoked if there is a dispute between the insured and the insurer over the amount of loss." Colo. Div. of Ins., Bulletin No. B-5.26(III) (Oct. 26, 2015), https://perma.cc/RAW4-FXAN. As courts have uniformly recognized, these provisions provide a "plain, speedy, inexpensive and just determination of the extent of the loss." *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 100 F. Supp. 3d 1099, 1103 (D. Colo. 2015) (quoting 46A C.J.S. *Insurance* § 1889 (2015)).

¶ 39     Accordingly, we conclude that the district court did not err in enforcing the appraisal provision.

## B.     United Invoked Appraisal

¶ 40     Next, Andres Trucking insists that United did not properly invoke appraisal because it "never demanded appraisal." We reject that contention.

¶ 41    As we have noted, Andres Trucking conceded that in a January 2016 letter, United "unequivocally requested the appraisal process be initiated." An unequivocal request to proceed with appraisal is sufficient to invoke the process. The absence of the word "demand" in United's letter is certainly not fatal. As a general rule, we do not require that litigants use "talismanic language," *see People v. Juarez,* 2017 COA 127, ¶ 25 (*cert. granted* Mar. 12, 2018), nor do we "elevate form over substance," *Perfect Place v. Semler,* 2016 COA 152M, ¶ 32 (*cert. granted* Nov. 13, 2017).

C.    The Appraisal Process Produced a Valid Loss Amount

¶ 42    Andres Trucking contends that the appraisal process did not result in a binding loss valuation because (1) contrary to the policy requirements, no two appraisals matched; and (2) the umpire's valuation was mathematically flawed.

¶ 43    To resolve the first contention, we must construe the insurance policy. We construe an insurance policy like any other contract, *Smith v. State Farm Mut. Auto. Ins. Co.,* 2017 COA 6, ¶ 6, giving words their plain and ordinary meanings and avoiding strained constructions, *Allstate Ins. Co. v. Huizar,* 52 P.3d 816, 819 (Colo. 2002).

¶ 44    The appraisal provision directs that, in the event of a disagreement as to the amount of loss, each party will select a competent appraiser who will "state separately" the amount of the loss.  If the appraisers fail to agree, they will "submit their differences" to an impartial umpire.  "A decision agreed to by any two will be binding."

¶ 45    The appraisal process may therefore involve up to three actors: the insured's appraiser, the insurer's appraiser, and the umpire.  If "any two" of the three "agree" to a "decision" as to the amount of loss, that decision is "binding" on the parties.  Thus, under the plain language of the provision, the appraisal process will produce a binding loss amount if, for example, the umpire and one of the appraisers agree to a decision on the amount of the loss.  That is what occurred in this case.  Though United's appraisal was nearly twenty percent lower than the umpire's valuation, United's appraiser later agreed to the umpire's loss amount, and thus a decision was "agreed to by any two."

¶ 46    Andres Trucking's reading of the policy would require that we substitute the phrase "[a] decision agreed to by any two will be binding" with "the umpire's decision will be binding if it matches

17

one of the party's appraisals."  Because we "may not rewrite clear and unambiguous contract provisions," *Bledsoe Land Co. LLLP v. Forest Oil Corp.*, 277 P.3d 838, 842 (Colo. App. 2011), we may not write that phrase into the contract.

¶ 47    Andres Trucking counters that the district court, in clarifying the appraisal provision, instructed the parties that if the appraisers could not agree on a value, "the umpire previously selected by them will offer his/her opinion of value," and that "[i]f two of the three do not match in their opinions, the appraisal process is completed." Because United's appraiser and the umpire did not "match in their opinions," Andres Trucking says, the umpire's decision, though ultimately agreed to by United's appraiser, is not binding.  We commend the district court for attempting to provide guidance to the parties during a somewhat contentious process, but like us, the district court was bound by the policy language and could not change the terms of the appraisal process.  The district court recognized as much in a later order, in which it construed the appraisal provision and determined that the loss amount agreed to by the umpire and United's appraiser satisfied the provision, resulting in a binding loss determination.  We therefore reject

Andres Trucking's reliance on the district court's initial instructions regarding appraisal.

¶ 48    We also reject Andres Trucking's second contention — that the umpire erred in calculating the loss amount.

¶ 49    The appraisal award issued under an insurance policy is binding so long as the appraisers (including the umpire) have performed the duties required of them by the policy. *Dufrene v. Certain Interested Underwriters at Lloyd's of London Subscribing to Certificate No. 3051393*, 91 So. 3d 397, 403 (La. Ct. App. 2012). As a general matter, an appraisal award entered by an umpire may be disregarded only if the award was made without authority or was made as a result of fraud, accident, or mistake. *Barnes v. W. All. Ins. Co.*, 844 S.W.2d 264, 267 (Tex. App. 1992); *see also Emmons v. Lake States Ins. Co.*, 484 N.W.2d 712, 715 (Mich. Ct. App. 1992) (judicial review of appraisal award is limited to instances of bad faith, fraud, misconduct, or manifest mistake). The burden of demonstrating that the appraised loss amount should be set aside falls on the party challenging it. *Dufrene*, 91 So. 3d at 403.

¶ 50    Andres Trucking asserts that the umpire's calculation was fatally flawed because rather than relying on his own third

19

appraisal, he averaged all three appraisals to arrive at a loss amount. And, in averaging the appraisals, the umpire failed to take into account that United's appraisal was "artificially lower" because it did not include taxes.

¶ 51 But Andres Trucking does not point to any provision of the policy prohibiting this valuation method. And within the area in which they are authorized to act, appraisers are "clothed with a certain degree of discretion with the result that an award will not be set aside merely because the reviewing judge does not agree with the conclusion reached by them." Steven Plitt et al., *Couch on Insurance* § 213:2, Westlaw (3d ed. database updated June 2018).

¶ 52 We are certainly in no position to second-guess the mathematical process adopted by an umpire whose competence and impartiality were never challenged. That is why we require that "[p]arties, after having selected their own judges . . . be bound by the result." *Wilson v. Wilson,* 18 Colo. 615, 620, 34 P. 175, 177 (1893).

¶ 53 Under the circumstances, Andres Trucking has failed to carry its burden to establish a "manifest mistake" in the umpire's valuation. *Emmons,* 484 N.W.2d at 715. Accordingly, the district

court did not err in refusing to invalidate the umpire's decision. *See Harleysville Mut. Ins. Co. v. Narron*, 574 S.E.2d 490, 496 (N.C. Ct. App. 2002) ("[M]istakes by appraisers, like those made by arbitrators, are insufficient 'to invalidate an award fairly and honestly made.'" (quoting *N.C. Farm Bureau Mut. Ins. Co. v. Harrell*, 557 S.E.2d 580, 582 (N.C. Ct. App. 2001))).

## IV.   Attorney Fees

### A.   Attorney Fees for Andres Trucking's Motion for Clerk's Entry of Default

¶ 54    On November 30, 2016, after completion of the appraisal process, the parties filed conflicting notices to the court. Andres Trucking, relying on the court's clarification order, maintained that the appraisal process had failed to produce a binding loss amount, as the umpire's appraisal did not "match" one of the appraiser's. United, on the other hand, asserted that the umpire's award constituted a binding loss amount.

¶ 55    In response, the court requested that counsel "clarify the file" and explain whether the appraisal process was complete. On December 22, Andres Trucking filed its response to the court's request for clarification. It also filed a motion for clerk's entry of

default.  Andres Trucking's theory was that, upon the unsuccessful completion of the appraisal process, the stay was automatically lifted, and United was obliged to file an answer to the complaint. When United failed to do so within twenty days, Andres Trucking concluded that it was entitled to entry of default.

¶ 56    The district court found the motion substantially vexatious and awarded United its attorney fees and costs:

> The court has no idea why Plaintiff filed a request for entry of clerk's default.  It was filed a full 17 days after the court requested clarification on what in the world was going on in the appraisal process, given the conflicting pleadings.  Clearly, the court was not of the belief that any default by Defendant could even be imagined, since it had requested information from both counsel.  C.R.C.P. 55(a) states, as noted by Defendant, that when a party "has failed to plead or otherwise defend" the other party may have a clerk's default. Rarely has this court seen such intense and disputed litigation over such a seemingly simple issue as this appraisal process. Clearly, Defendant was in the process of "defending."  And this process was far from complete on December 22, 2016, when Plaintiff filed his request for a clerk's default.  Caution certainly dictated a Response from Defendant. Plaintiff's request for entry of clerk's default was substantially vexatious.

¶ 57     We review an award of attorney fees under section 13-17-102, C.R.S. 2017, for an abuse of discretion. *In re Estate of Shimizu*, 2016 COA 163, ¶ 16. A court abuses its discretion where its decision is manifestly arbitrary, unreasonable, or unfair. *Id.*

¶ 58     An award of attorney fees under section 13-17-102 is warranted if a party's conduct is "substantially frivolous, substantially groundless, or substantially vexatious." § 13-17-102(4) "An action is substantially vexatious if brought or maintained in bad faith to annoy or harass another, and vexatiousness includes conduct that is arbitrary, abusive, stubbornly litigious, or disrespectful of the truth." *In re Parental Responsibilities Concerning I.M.*, 2013 COA 107, ¶ 29.

¶ 59     C.R.C.P. 55(a) empowers the clerk to enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."

¶ 60     Andres Trucking insists that, when United failed to file an answer after completion of the appraisal process, it sought entry of default in good faith. But Andres Trucking could not have had a good faith belief that it was entitled to a clerk's entry of default on December 22 because (1) United was actively defending against

23

Andres Trucking's claims and (2) the court had ordered clarifications from the parties on December 5.

¶ 61     We agree with the district court that the parties were involved in "intense and disputed litigation" and that United was "in the process of defending" against Andres Trucking's claims when Andres Trucking requested a clerk's entry of default. Accordingly, the district court did not abuse its discretion in finding Andres Trucking's motion "substantially vexatious" and awarding United its reasonable attorney fees. *See Shimizu*, ¶ 30.

### B.     Appellate Attorney Fees

¶ 62     United requests appellate attorney fees due to the "frivolous," "futile, irrational and unjustified" nature of Andres Trucking's appeal. But we have determined the appeal to be meritorious. Accordingly, we deny United's request for appellate attorney fees. *See Rademacher v. Becker*, 2015 COA 133, ¶ 30 (denying the appellee's request for attorney fees as a sanction for filing a frivolous appeal because the appellant prevailed on appeal).

¶ 63     Andres Trucking requests appellate attorney fees in a single sentence of its opening brief: "Plaintiff hereby requests that reasonable attorney fees and costs be awarded against Defendant

pursuant to C.A.R. 39 and 39.5 or other applicable statute." But C.A.R. 39.1 provides that "the party claiming attorney fees must include a specific request" and "explain the legal and factual basis" for an award of attorney fees. Andres Trucking failed to provide any factual recitation or legal authority for its request for attorney fees. Accordingly, we will not consider its request. *See Sos v. Roaring Fork Transp. Auth.*, 2017 COA 142, ¶ 59 (declining to consider an "undeveloped request" for attorney fees where the requesting party failed to state any legal or factual basis for an award).

## V.    Conclusion

¶ 64    The order approving the appraisal value is affirmed but the judgment is reversed and the case is remanded to the district court for reinstatement of Andres Trucking's complaint. The order awarding United costs as the prevailing party is vacated but the order awarding United its attorney fees for its response to Andres Trucking's motion for clerk's entry of default is affirmed.

JUDGE J. JONES and JUDGE ASHBY concur.