24CA0015 Estate of Sturm 10-03-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0015
Jefferson County District Court No. 21CV30119
Honorable Todd L. Vriesman, Judge

---

In the Matter of the Estate of Sharon G. Sturm, deceased.

John C. Taylor, Jr., and Sherril A. Sturm,

Appellees,

v.

Bob L. Sturm Trust and Sharon G. Sturm Trust by the Trustee, Bob L. Sturm, Jr.,

Appellants.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE PAWAR
Tow and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 3, 2024

---

Ross-Shannon & Proctor, P.C., Joshua R. Proctor, Lakewood Colorado; Proctor Brant, P.C., Jesse O. Brant, Englewood, Colorado, for Appellee John C. Taylor, Jr.

TNS Associates, P.C., William G. Dornan, Michael J. McNally, Jonathan R. Slie, Denver, Colorado, for Appellee Sherril A. Sturm

The Klug Law Firm, LLC, Noah Klug, Breckenridge, Colorado, for Appellants

¶ 1    In this case, a trust beneficiary who successfully sued the trustee for breach of fiduciary duty was awarded his attorney fees and costs *to be paid from trust assets.* We conclude that section 15-10-504(2), C.R.S. 2024, does not authorize such an award to be paid from the trust. In contrast, section 15-10-602(7), C.R.S. 2024, could authorize such an award to be paid from the trust. But because the procedures set out in section 15-10-602(7) were not followed in this case, we conclude that section cannot support the fees and costs award here. We therefore reverse the attorney fees and costs award and remand with directions.

## I.    Background

¶ 2    Sherril A. Sturm was the trustee of her parents' trusts, the Bob L. Sturm Trust and Sharon G. Sturm Trust. The beneficiaries of both trusts were Sherril[1] and her siblings Bob L. Sturm, Jr., and John C. Taylor, Jr.

¶ 3    Taylor sued Sherril, the trusts, his mother's estate, and Bob Jr. As relevant here, the action alleged that Sherril breached her

---

[1] Sherril and Bob Jr. share a surname. We refer to them by their first names for ease of reference. We intend no disrespect in doing so.

1

fiduciary duty by overcompensating herself as trustee and giving herself and her uncle interest-free loans from the trusts. The action sought damages and removal of Sherril as trustee.

¶ 4    At the summary judgment stage, the trial court determined that the loans constituted a breach of fiduciary duty. However, the court ruled that there were disputed factual issues about whether Sherril also breached her fiduciary duty by overcompensating herself as trustee. Accordingly, the court held a bench trial to determine (1) damages for the loans and (2) liability and damages for the alleged overcompensation.

¶ 5    At trial, Sherril agreed to her removal as trustee and the court determined that her overcompensation constituted a breach of fiduciary duty. The court awarded damages for both breaches. The court also awarded Taylor his attorney fees and costs and ruled that they "may be charged against trust assets."[2]

---

[2] The court also awarded Sherril her attorney fees and costs to be charged against trust assets but that award is not challenged in this appeal.

¶ 6    Bob Jr., in his capacity as trustee for both trusts, appeals. He argues that the trial court erred by ordering Taylor's fees and costs award to be paid by the trusts. We agree.

## II.    Trial Court Erred

¶ 7    Determining whether the trial court erred by charging Taylor's fees and costs to the trusts requires us to interpret the relevant statutes. We do so de novo, with the aim of giving effect to the legislature's intent. *See In re Estate of Gonzalez*, 2024 COA 63, ¶¶ 24, 32. We determine legislative intent by examining the statute's plain language and giving the words the legislature chose their plain and ordinary meaning. *Id.* at ¶ 32. If the statute's language is clear and unambiguous, our analysis ends there. *Id.*

¶ 8    As identified above, the two separate attorney fees and costs provisions relevant to this appeal are sections 15-10-504(2) and 15-10-602(7).

¶ 9    Section 15-10-504(2) provides that if a court determines after a hearing that a fiduciary has breached their duty, "the court may surcharge the fiduciary for any damage or loss to the estate,

beneficiaries, or interested persons."[3] § 15-10-504(2)(a). These damages may include attorney fees and costs. *Id.* The clear and unambiguous language of this provision authorizes a surcharge against "the fiduciary," not the estate.

¶ 10    In contrast, section 15-10-602(7) authorizes an estate to compensate a lawyer or other person not appointed by the court for services or costs that result in an order benefitting the estate. But there are various procedural prerequisites to such an award, including filing a request for one within thirty-five days after entry of the order benefitting the estate. § 15-10-602(7)(b)(I).

¶ 11    Sherril and Taylor seem to recognize that neither section 504(2)(a) nor section 602(7) independently authorizes charging Taylor's attorney fees and costs to the trusts. They do not argue that section 504(2)(a)'s authorization to surcharge "the fiduciary" includes authorization to surcharge the trusts. And they do not argue that section 602(7)'s prerequisites were either satisfied or inapplicable for some reason.

---

[3] The trusts at issue in this appeal each qualify as an estate for purposes of the cited statutes. *See* § 15-10-601(1), C.R.S. 2024.

¶ 12    Instead, they argue the trial court's award should be affirmed based on section 15-10-504(2)(b), which says, "In awarding attorney fees and costs pursuant to this section, a court may consider the provisions of part 6 of this article 10."  This "may consider" language, according to Sherril and Taylor, allowed the court to charge Taylor's fees and costs to the trusts instead of the fiduciary (Sherril) under section 504(2) without having to comply with any of section 602(7)'s procedures.

¶ 13    In essence, they argue that section 504(2)(b)'s "may consider" language allows a trial court to take two independent mechanisms for awarding fees and costs (sections 504(2) and 602(7)), cherry-pick discrete elements from each, and use only the selected elements to create an entirely new third mechanism.  From section 602(7), Sherril and Taylor take the authority to charge attorney fees and costs against the estate — but not the procedural requirements that go with it.  Sherril and Taylor combine that with section 504(2)'s authority to surcharge attorney fees and costs as damages.  The end result, according to Sherril and Taylor, is authority to surcharge attorney fees and costs as damages against the estate without adhering to section 602(7)'s procedures.

¶ 14    This interpretation of the statutory scheme is unreasonable.

Instead, the only reasonable interpretation is that sections 504(2)

and 602(7) are separate and distinct provisions under which fees

and costs can be awarded.  Section 504(2) allows fees and costs to

be awarded as damages, but only so long as they are charged to the

fiduciary.  Separately, an award under section 602(7) is chargeable

to the estate, but it requires compliance with the procedures set out

in section 602(7)(b)(I)-(IV).[4]  Absent compliance with the entirety of

one of these provisions, Taylor is responsible for his own fees and

costs.  *See Guarantee Tr. Life Ins. Co. v. Est. of Casper*, 2018 CO 43,

¶ 23 (parties are generally responsible for their own litigation

expenses absent a contrary applicable provision).

¶ 15    We conclude that Taylor's award was not authorized by either

provision.  Section 504(2) does not authorize a surcharge to the

trusts, and although section 602(7) does, nobody argues that the

procedural requirements of that provision were satisfied.  In so

holding, we express no opinion about whether Taylor's fees and

---

[4] As set out above, a section 15-10-602(7), C.R.S. 2024, award also
requires that a lawyer or other person not appointed by the court
provides services that result in an order beneficial to the estate.

costs can be charged to Sherril as the fiduciary under section 504(2)(a).

### III. Appellate Attorney Fees and Costs

¶ 16 The trusts and Sherril request their appellate fees and costs (Taylor does not). We address only the trusts' request because that is the only one supported by citation to authority. *See Andres Trucking Co. v. United Fire & Cas. Co.*, 2018 COA 144, ¶ 63 (declining to consider request for appellate fees presented without legal or factual basis).

¶ 17 The trusts argue that they are entitled to recover their appellate attorney fees and costs under section 504(2), surcharged to Sherril as the party who breached her fiduciary duty as trustee. We decline this request. *See* § 15-10-504(2) (a court "may" surcharge the fiduciary for fees and costs). Unlike *In re Estate of Ybarra*, 2024 COA 3, ¶ 30, the trusts are not challenging the court's determination that Sherril breached her fiduciary duty, nor the amount of damages that breach caused. The trusts are challenging only the trial court's decision to charge a portion of the damages (Taylor's attorney fees and costs) to the trusts. Because this issue is at least slightly attenuated from Sherril's breach of fiduciary

duty, we decline to award the trusts their appellate attorney fees and costs under section 504(2).

## IV.    Disposition

¶ 18      The attorney fees and costs award to Taylor is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

JUDGE TOW and JUDGE SCHUTZ concur.